UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CODY JAMES DEBRUYN,

    Petitioner,

v.

STATE OF MICHIGAN,

    Respondent,
_____/

Civil No. 2:17-CV-14131
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Cody James DeBruyn, ("Petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, first-degree home invasion, four counts of unlawful imprisonment, five counts of assault with a dangerous weapon, larceny from a building, larceny of a firearm, and thirteen counts of possession of a firearm in the commission of a felony. Petitioner acknowledges in his petition that he did not exhaust several of his claims with the state courts. In *lieu* of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

1

## I. Background

Petitioner pleaded guilty in the Livingston County Circuit Court on March 19, 2015 and was sentenced to a total of twenty two to forty years on the various charges.

The Michigan Court of Appeals denied petitioner leave to appeal. *People v. DeBruyn,* No. 328363 (Mich.Ct.App. Aug. 25, 2015). The Michigan Supreme Court remanded the case to the trial court for re-sentencing in light of *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), which held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *People v. Debruyn*, 499 Mich. 912, 877 N.W.2d 894 (2016).

Petitioner was apparently re-sentenced to the same sentences.

Petititioner's plea and sentence were again affirmed on appeal. *People v. Debruyn*, No. 334820 (Mich.Ct.App. Nov. 7, 2016); *lv. den.* 500 Mich. 984, 893 N.W.2d 629 (2017).

Petitioner filed a petition for writ of habeas corpus, seeking relief on the following grounds:

> I. Ineffective assistance of counsel when not considering insanity or temporary insanity at sentencing.
>
> II. Ineffective assistance of counsel when attorney denied a plea deal without telling the defendant.
>
> III. Ineffective assistance of counsel when [the judge] scored 10 points for OV [Offense Variable] 4 [of the Michigan Sentencing Guidelines] when it should have been 0 points.

IV. Ineffective assistance of counsel when 25 points were scored for OV-1 when it should have been 15 points.

V. Ineffective assistance of counsel when OV-14 was scored at 10 points.

VI. Ineffective assistance of counsel when the probation officer made certain statements that lacked foundation and were an improper opinion.

VII. Ineffective assistance of counsel when trial court sentenced [the petitioner] to concurrent terms of 10-20 years for first-degree home invasion, 10-15 years for unlawful imprisonment, 20-40 years for armed robbery, 2-4 years for felonious assault, 2-4 years for larceny from a building, and 2-5 years for larceny of a firearm.

## II. Discussion

Petitioner's habeas application is subject to dismissal because it contains at least three, and possibly four, claims which have not been exhausted with the state courts as a federal constitutional claim.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F.

3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). Federal district courts normally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she exhausted his or her claims with the state courts. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Respondent admits that he failed to exhaust his second, fourth, or fifth claims with the state courts on direct appeal. It also appears that he may not have exhausted his sixth claim on his appeal.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Livingston County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust

4

any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims are not "plainly meritless." Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Wagner,* 581 F. 3d at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See*

5

*Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).[1]

### III. ORDER

Accordingly, **IT IS ORDERED** that that petitioner may file a motion for relief from judgment with the state court within ninety (90) days of receipt of this Court's order. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims.

Petitioner shall re-file his habeas petition within 90 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

---

[1] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

6

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court shall order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

                                            s/Arthur J. Tarnow
                                            HON. ARTHUR J. TARNOW
                                            UNITED STATES DISTRICT COURT

DATED: January 10, 2017