UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CODY JAMES DEBRUYN,

    Petitioner,

v.

NOAH NAGY,

    Respondent,
_____/

Civil No. 2:17-CV-14131
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER: (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING THE MOTION FOR THE APPOINTENT OF COUNSEL, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Cody James DeBruyn, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, first-degree home invasion, four counts of unlawful imprisonment, five counts of assault with a dangerous weapon, larceny from a building, larceny of a firearm, and thirteen counts of possession of a firearm in the commission of a felony (felony-firearm). For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner pleaded guilty in the Livingston County Circuit Court on March 19, 2015. Petitioner was sentenced to concurrent sentences of twenty to forty years in prison on the armed robbery conviction, ten to twenty years in prison on

1

the first-degree home invasion conviction, ten to fifteen years in prison on the unlawful imprisonment convictions, two to four years in prison on the assault with a dangerous weapons convictions, and two to four years in prison on the larceny in a building conviction. Petitioner was sentenced to two years in prison the felony-firearms convictions, which were to run concurrently with one another but consecutive to the sentences on the other convictions.

The Michigan Court of Appeals denied petitioner leave to appeal. *People v. DeBruyn,* No. 328363 (Mich.Ct.App. Aug. 25, 2015). The Michigan Supreme Court remanded the case to the trial court for re-sentencing in light of *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), which held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *People v. Debruyn*, 499 Mich. 912, 877 N.W.2d 894 (2016).

Petitioner was re-sentenced to the same sentences.

Petitioner's plea and sentence were affirmed on appeal. *People v. Debruyn*, No. 334820 (Mich.Ct.App. Nov. 7, 2016); *lv. den.* 500 Mich. 984, 893 N.W.2d 629 (2017).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit him to return to the state courts to exhaust additional claims. *Debruyn v. Michigan*, No. 2:17-CV-14131, 2018 WL 352363 (E.D. Mich. Jan. 10, 2018).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Debruyn,* No. 14-22206-FC (Livingston Cty.Cir. Ct. Oct.

8,2018)(ECF No. 14-8).  The Michigan appellate courts denied petitioner leave to appeal. *People v. DeBruyn,* No. 348334 (Mich.Ct.App. Aug. 12, 2019); *lv. den.* 505 Mich. 1016, 940 N.W.2d 89 (2020).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Ineffective assistance of counsel when not considering insanity or temporary insanity at sentencing.

II. Ineffective assistance of counsel when attorney denied a plea deal without telling the defendant.

III. Ineffective assistance of counsel when [the judge] scored 10 points for OV [Offense Variable] 4 [of the Michigan Sentencing Guidelines] when it should have been 0 points.

IV. Ineffective assistance of counsel when 25 points were scored for OV-1 when it should have been 15 points.

V.  Ineffective assistance of counsel when OV-14 was scored at 10 points.

VI.  Ineffective assistance of counsel when the probation officer made certain statements that lacked foundation and were an improper opinion.

VII.  Ineffective assistance of counsel when trial court sentenced [the petitioner] to concurrent terms of 10-20 years for first-degree home invasion, 10-15 years for unlawful imprisonment, 20-40 years for armed robbery, 2-4 years for felonious assault, 2-4 years for larceny from a building, and 2-5 years for larceny of a firearm.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

Petitioner alleges that he was denied the effective assistance of trial counsel.

4

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**A. Failure to present an insanity defense.**

Petitioner in his first claim alleges that trial counsel was ineffective for not bringing up petitioner's insanity at sentencing.

To the extent that petitioner is arguing that counsel was ineffective for failing to raise an insanity defense at trial, he is not entitled to relief on this claim.

Petitioner's claim is without merit because he failed to present any evidence, either to the state courts, or to this Court, that he was legally insane at the time of the crime. *See e.g. Sneed v. Johnson,* 600 F. 3d 607, 611 (6th Cir. 2010).  Moreover, petitioner failed to show that he has an expert who would testify that he was legally insane at the time of the offenses, thus, counsel's failure to raise an insanity defense was not prejudicial to petitioner. *See Abdur'Rahman v. Bell,* 226 F.3d 696, 715  (6th Cir. 2000).

5

Secondly, as one court has noted: "[t]here is considerable empirical evidence that insanity pleas in and of themselves are not received favorably by jurors." *Weekley v. Jones*, 76 F. 3d 1459, 1463 (8th Cir. 1996)(citing C. Boehnert, Characteristics of Successful and Unsuccessful Insanity Pleas, 13 Law and Human Behavior 31, 34, 36-37 (1989)). Since insanity or mental defenses are rarely successful, it would not have been unreasonable for counsel, at least under the facts of this case, to forego such a defense for a stronger defense theory. *See e.g. Silva v. Woodford,* 279 F. 3d 825, 851 (9th Cir. 2002); *See also Sneed,* 600 F. 3d at 611 (counsel not ineffective in failing to present insanity defense where "public's widespread skepticism of the insanity defense at the time of Sneed's trial in 1986 (circa the John Hinkley trial), indicate that this was not an attractive defense").

To the extent that petitioner alleges that trial counsel was ineffective for failing to offer evidence of petitioner's mental health history as mitigating evidence at sentencing, petitioner's claim is without merit because counsel did, in fact, bring up a number of mitigating factors on petitioner's behalf at sentencing, including the fact that he came from a broken family and that his parents had divorced, that petitioner had a "substantial psychiatric history" which was noted in the pre-sentence investigation report. Counsel listed the details of petitioner's psychiatric diagnoses for bi-polar disorder, ADHD, depression, and schizophrenia. Counsel pointed out that petitioner was an eighteen year old young man at the time of the offense, who became involved with older

6

perpetrators. Counsel argued that at petitioner's age, his brain was not yet fully developed. Counsel asked for petitioner to be sentenced at the bottom of the sentencing guidelines based on these factors. (ECF No. 14-5, PageID. 368-71).

At least in the context of a capital case, the failure by counsel to present mitigating evidence at sentencing constitutes ineffective assistance of counsel. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 734 (E.D. Mich. 2002)(*citing to Skaggs v. Parker,* 235 F. 3d 261, 269 (6th Cir. 2000)). Petitioner's counsel offered some mitigation evidence at sentencing, accordingly, petitioner is not entitled to relief on this claim. *See Martin v. Mitchell,* 280 F. 3d 594, 613 (6th Cir. 2002).

**B. Failure to inform petitioner of a plea bargain.**

Petitioner in his second claim alleges that trial counsel was ineffective for failing to inform him of the prosecutor's offer to allow petitioner to plead guilty in exchange for an agreement that petitioner's minimum sentence would be no greater than fourteen years.

The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper,* 566 U.S. 156, 163 (2012); *Missouri v. Frye,* 566 U.S. 134, 143-44 (2012). Thus, a criminal defendant during plea negotiations is "entitled to the effective assistance of competent counsel." *Lafler,* 566 U.S. at 162 (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)). In the context of an ineffective assistance of counsel claim involving a defendant having rejected a plea offer from the prosecution, in order to establish that he or she was prejudiced by counsel's alleged deficiency, the defendant must show that

7

but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court, i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances.  The defendant must also show that the court would have accepted its terms, and that the conviction or sentence, or both, would have been less severe than under the judgment and sentence that in fact were imposed. *Id.,* at 164.

Petitioner raised this claim in his post-conviction motion for relief from judgment.  Petitioner's trial counsel submitted an affidavit in the state trial court, which was attached to the prosecutor's response to the motion for relief from judgment as Exhibit I.  Counsel averred that the prosecutor made an offer on September 26, 2014 for petitioner to plead to 10 of the 26 charges, but the prosecutor did not agree to a specific number for a minimum sentence.  Although petitioner was not present when the offer was made, counsel visited petitioner in the jail later that day and communicated the offer to petitioner, who initially rejected it. (6/28/18 Affidavit of Steven M. Dodge at 1, ¶ 4, 5)(ECF No. 14-7, PageID. 426-27).  Counsel also provided a copy of the jail log for that day to confirm his visit. (*Id.*)(ECF No. 14-7, PageID. 428).  The judge denied petitioner's ineffective assistance of counsel claim on post-conviction review, ruling that petitioner failed to establish the factual predicate for his claim.  In so ruling, the judge relied on defense counsel's affidavit that the prosecutor's plea offer did not contain an agreement for a minimum sentence. (ECF No. 14-8, PageID. 432-33).

Petitioner is not entitled to relief on his claim because he failed to present clear and convincing evidence that the prosecutor ever offered petitioner a plea bargain for a minimum sentence of fourteen years in prison. The only evidence of this alleged sentencing agreement is petitioner's own statement, which is insufficient to prove that counsel failed to inform petitioner of a plea or sentencing agreement. *See Lint v. Prelesnik*, 542 F. App'x 472, 483 (6th Cir. 2013) In light of the fact that there is no evidence that the prosecutor ever offered petitioner this plea bargain, petitioner is unable to establish that trial counsel was ineffective for failing to properly advise petitioner regarding a non-existent plea offer. *See e.g. Guerrero v. U.S.,* 383 F. 3d 409, 419 (6th Cir. 2004).

**C**. **Failure to object to the sentencing guidelines scoring.**

Petitioner in his third, fourth, and fifth claims argues that trial counsel was ineffective for failing to object to the scoring of Offense Variables (OV) 1, 4, and 14 of the Michigan Sentencing Guidelines.

A defendant has the right to the effective assistance of counsel at sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 566 U.S. at 165. Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Id.,* (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)).

9

Petitioner's claim is without merit, first because counsel did object at sentencing to the scoring of OVs 1 and 14 at sentencing. Moreover, the Michigan Court of Appeals on direct appeal rejected petitioner's claim that OV 4 had been incorrectly scored. On post-conviction review, the trial court rejected petitioner's claim that OVs 1 and 14 had been scored improperly or that counsel had been ineffective regarding the scoring of the guidelines. (ECF No. 14-8, PageID. 433-34). The Michigan appellate courts affirmed the denial of the post-conviction motion.

In this case, the state trial and appellate courts appeared to conclude that there was a factual basis for the scoring of petitioner's sentencing guidelines.

The sentencing judge and the Michigan appellate courts concluded that the petitioner's offense variables were correctly scored under Michigan law. Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," the Court is constrained to reject the petitioner's ineffective assistance of trial counsel claims. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

The trial judge and the Michigan appellate courts rejected petitioner's sentencing guidelines claims either on direct or post-conviction review. Petitioner is therefore unable to show that he was prejudiced by his trial counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See e.g. Coleman v. Curtin*, 425 F. App'x. 483, 485 (6th Cir. 2011). If

10

"one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Petitioner offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence. Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x. 520, 525-26 (6th Cir. 2007).

**D. Failure to object to the pre-sentence investigation report.**

Petitioner in his sixth claim argues that trial counsel was ineffective for failing to object to two statements made by the pre-sentence investigator in the pre-sentence report.

The first statement was the pre-sentence investigator's remark that petitioner was attempting to excuse his conduct on the use of controlled substances before the crimes and equated that rationale to a drunk driver who blames the alcohol for the deaths in a crash. Petitioner argues that the probation agent lacked any foundation or expertise under the Michigan Rules of Evidence to make any conclusions about controlled substances. No such foundation or expertise was necessary. The Pre-sentence Investigation Report was not subject to the Rules of Evidence. *People v. Uphaus (On Remand)*, 278 Mich. App. 174, 183-84, 748 N.W.2d 899, 905 (Mich. Ct. App. 2008)("[W]hen considering a

11

defendant's sentence, a trial court may properly rely on information that would otherwise not be admissible under the rules of evidence."). The pre-sentence investigator was merely reiterating petitioner's attitude and explaining why it was inappropriate. The pre-sentence investigator's remarks were not inappropriate or inadmissible, hence, trial counsel was not ineffective for failing to object to the pre-sentence investigation report. *See e.g. Howard v. U.S.,* 743 F. 3d 459, 464-67 (6th Cir. 2014).

Second, petitioner notes that the Pre-Sentence Investigation Report mentions that petitioner had a wife and children. This comment was likely a typographical mistake and an inadvertent conflation with petitioner's codefendant, Ronald Morrell, whose wife and children had gone to the scene of the crime with him. There is no indication that the judge mentioned petitioner having a wife or children at sentencing. Petitioner is not entitled to relief on such a claim because he failed to show that the judge considered any of this allegedly erroneous information in sentencing petitioner. *See United States v. Stevens*, 851 F.2d 140, 145–46 (6th Cir. 1988).

### E. Failure to object to the sentences imposed.

Petitioner in his seventh claim alleges that trial counsel was ineffective for failing to object to the sentences imposed by the trial judge. This appears to be a reiteration of petitioner's prior claims and will be rejected for the same reasons that the Court rejected the other claims.

### F. The motion for the appointment of counsel.

Petitioner filed a motion for the appointment of counsel.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lack any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

### IV.  Conclusion

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) The motion for the appointment of counsel is **DENIED.**

(3) A certificate of appealability is **DENIED.**

(4) Petitioner will be granted leave to appeal *in forma pauperis.*

                              s/Arthur J. Tarnow
                              **HON. ARTHUR J. TARNOW**
**Dated: April 26, 2021**       UNITED STATES DISTRICT JUDGE